**JUDGE HELLERSTEIN**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 03667

-----------------------------------------------------------X
AMARJIT SINGH,

                     **Plaintiff,**

      -against-

NIRVIAL SINGH THIND aka "NIRVAIL SINGH aka
"RAJBIR SINGH"aka " RAJA,"

CITY OF NEW YORK,

DIGNORAT HERNANDEZGENAO,

"JOHN DOES" and "JANE DOES" (Unidentified police
officers employed by the City of New York and sued in
their individual and official capacities),

                   **Defendants.**
-----------------------------------------------------------X

HON.
Index No.

**VERIFIED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**



RECEIVED MAY 12 2015 U.S.D.C. S.D. N.Y. CASHIERS

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff, **AMARJIT SINGH**, seeks relief for the defendants' violation of his civil rights secured by the Civil Rights Act of 1871, as amended and codified by 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments and by the laws of the City and State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable, an award of costs, attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for false arrest and malicious prosecution that Plaintiff suffered regarding his

1

reputation and repercussions of these acts and such other and further relief as this court deems equitable and just.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, 28 U.S.C. §1331 (federal question) and 1343 (a) (3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims that form part of the same case and controversy as against all parties within the original jurisdiction of this court.

## III. JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as plead herein.

## IV. VENUE

5. The Court has personal jurisdiction and venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and each Defendant maintains sufficient contacts with the State of New York and regularly conducts business in the district of this court.

6. All conditions, precedent to filing this cause of action, have been met.

## V. PARTIES

7. Plaintiff, AMARJIT SINGH, (hereinafter "Plaintiff"), is a resident of the City of New York and the State of New York.

8. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, is authorized by law to maintain the police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

10. Defendant, CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk of the services provided by the New York City Police Department.

11. Defendant Officer, DIGNORAT HERNANDEZGENAO was and is a police officer with the New York City Police Department.

12. Defendants "JOHN DOE(S)" and "JANE DOE(S)" are unidentified enforcement officers and employees, agents and servants of respondents the CITY and NYPD, and are all sued in their individual and official capacities.

13. Defendant "NIRVAIL SINGH THIND" aka "NIRVAIL SINGH ", "RAJBIR SINGH" aka "RAJA", (hereinafter, "NIRVAIL SINGH'), is the resident of City of New York, and State of New York, and is the original complainant in the criminal case whose unlawful acts led to the violation of the Plaintiff's Constitutional Rights.

14. The Defendant City of New York may be serviced with summons by serving the City of New York, Law Department, Corporation Counsel, 100 Church Street, New York, N.Y. 10007, pursuant to N.Y. Civil Practice Law & Rules § 311(2).

15. Defendants, Police Officer Dignorat Hernandezgenao and "John Doe(s)" and "Jane Doe(s)," may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

16. Defendants "JOHN DOE(S)" and "JANE DOE(S)," unidentified enforcement officers and employees, agents and servants of respondents the CITY and NYPD, may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

17. Defendant "NIRVAIL SINGH THIND" aka "NIRVAIL SINGH ", "RAJBIR SINGH" aka "RAJA", (hereinafter, "NIRVAIL SINGH") may be served by service at his place of residence at 36 Spring Garden Street, Valley Stream, NY 11580.

18. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that such Defendants' officers, managers, agents, servants, and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such Defendants or was done in the routine course and scope of employment of Defendants' managers, agents, servants, or employees.

19. On May 15th, 2012, Plaintiff was arrested, while appearing at Queens County Family Court.

4

20. Plaintiff was arrested by Dignorat Hernandezgenao on the grounds that he had violated an order of protection on the grounds that he violated an order of protection which was issued to Nirvail Singh against the Plaintiff.

21. The Plaintiff was falsely charged with violation of the Penal Law §215.11 (1) (tampering with a witness in the third degree), Penal Law §215.15 (1) (intimidating a victim or a witness in the third degree), Penal Law § 215.51 (B) (criminal contempt in the first degree), and Penal Law §120.14 (1) (menacing in the second degree).

22. The supporting deposition by officer Dignorat Hernandezgenao states that on May 5th, 2012 between 1:00 p.m. and 1:30 p.m. at 95-30 118 Street, Richmond Hill, NY 11418, Plaintiff accosted Narvial Singh and said "drop the case or I will kill you."

23. Upon arrest and while in the custody, the Plaintiff informed the officer Dignorat Hernandezgenao that the allegations were false and provided the defendant with the name of witnesses. The defendants refused to interview any witnesses.

24. Defendant, Officer Dignorat Hernandezgenao told Plaintiff that the defendant Narvial Singh had a witness to the event (Gurant Singh) who claimed that he was there at the time and place. The defendants never interviewed Gurant Singh.

25. Had they interviewed Mr. Gurant Singh, Mr. Singh would have informed defendants that Narvial Singh had lied.

26. Plaintiff was taken to the 102nd precinct at 118th Street, Richmond Hill, NY 11418 and held in the holding cell for one night. The Plaintiff was then held on bail for over two months from May 16th, 2015 to July 21, 2015 on Rikers Island.

27. All charges against the Plaintiff were eventually dismissed.

## V. FACTS & CLAIMS

### Count One – Violations of 1st, 5th, and 14th Amendment Constitutional Rights.

28. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

29. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendant, City of New York, violated plaintiff's constitutional and statutory rights.

30. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

31. Defendant unlawfully and without privilege to do so confined Plaintiff without Plaintiff's consent.

32. Plaintiff was at all times conscious of his confinement.

33. Because of Defendants' wrongful actions, Plaintiff suffered adverse physical, mental, emotional and financial harm.

34. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

### Count Two - Municipal Liability

35. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

36. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

37. Furthermore, Defendants acted with malice and reckless indifference to the federally protected rights of the Plaintiff.

38. Because of Defendants' discriminatory actions Plaintiff suffered adverse physical, mental, emotional and financial harm.

39. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

### Count Three- Punative Damages

40. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

41. Defendants' knew they lacked any legitimate cause or justification for the criminal charges, and their actions were intentional, malicious, reckless and in bad faith.

### Count Four – Negligence

42. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

43. Each Defendant facilitated the discrimination, false arrest and malicious prosecution of plaintiff by acting negligently, negligently hiring, supervising and or training its employees, as each such employee was clearly incompetent to

occupy the position bestowed upon him as a result of unsound judgment, negligent hiring, and negligent promotion practices of Defendants.

## VI. DAMAGES

44. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

45. As a result of Defendants' violations of the above-stated federal and state statutes and constitutions, Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest, and other and further relief as the court deems appropriate under the circumstances.

## VII. ATTORNEY'S FEES

46. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

47. As a further result of Defendant's acts and omissions, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf and defend against the bogus charges.

48. Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees as provided by statute.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, cause having been shown, Plaintiff Amarjit Singh prays that the Court enter judgment:

a. Declaring that each Defendant's actions were in violation of its legal duty to comply with law;

b. For actual and liquidated damages for the period of time provided by law, for compensatory and punitive damages for the willful, wanton, malicious and conscious disregard of Plaintiff's legal rights;

c. Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest; and

d. For any other and further relief as the court deems appropriate under the circumstances.

Respectfully submitted,

*[signature]*

The Law Office of Ali & Bains, PC
By: Wanda Sanchez Day, PC
Federal Id. No. WD5076
118-35 Queens Blvd., Suite 1709
Telephone:   (646) 479-9517
Facsimile:   (646) 217-3706
ATTORNEYS FOR PLAINTIFF

VERIFICATION

Amarjit Singh, being duly sworn, states that he has read the within pleadings and affirms that the contents are true and within his personal knowledge, except to those matters alleged on information and belief, and as to those matters, he believes them to be true.

_____
Amarjit Singh

Sworn to before me on this _____ day of March 6, 2015

_____
Notary Public

WANDA SANCHEZ DAY
Notary Public, State of New York
No. 02DA6152458
Qualified in Queens County
Commission Expires: Sept. 11, 201_

UNITED STATES DISTRICT COURT ("ECF CASE")
SOUTHERN DISTRICT OF NEW YORK

---

AMARJIT SINGH,

                        **Plaintiff,**

         -against-

NIRVIAL SINGH THIND aka "NIRVAIL SINGH aka "RAJBIR SINGH", aka " RAJA,"

CITY OF NEW YORK,

DIGNORAT HERNANDEZGENAO,

"JOHN DOES" and "JANE DOES"
(Unidentified
police officers employed by the City of New York
and sued in their individual and official
capacities),

                        **Defendants.**

---

## VERIFIED COMPLAINT

Dated: 5/11/2015

Print Signer's Name:
ALI & BAINS, PC
LAW OFFICE WANDA SANCHEZ DAY, PC
By: Wanda Sanchez Day, Esq.,
118-35 Queens Blvd., SUITE 1709
Forest Hills, NY 11375
Tel. 646-479-9517
Fax. 646-217-3706
WD5076